**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| **OASIS TRANSPORTATION AND MARKETING CORPORATION,** | § § § | |
| *Plaintiff,* | § § § | **Case No. 7:25-cv-00323-DC-RCG** |
| **vs.** | § § | |
| **PHOENIX OPERATING, LLC,** | § § | |
| *Defendant.* | § § | |

---

**PLAINTIFF'S MOTION TO REMAND**

---

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Plaintiff Oasis Transportation and Marketing Corporation ("Plaintiff" or "Oasis") and files this Motion to Remand seeking to remand this case back to the 441st Judicial District Court of Midland County, Texas, Cause No. DCV-25-91972, and would respectfully show the Court as follows:

## I.    INTRODUCTION

Defendant Phoenix Operating, LLC ("Defendant" or "Phoenix Operating") has improperly removed this case to federal court under 28 U.S.C. §§ 1332 and 1441, asserting diversity jurisdiction. Specifically, Phoenix Operating failed to allege its citizenship in accordance with and as required for removal under federal law. Because Phoenix Operating is a limited liability company ("LLC"), it must allege the citizenship of each of its members, including tracing citizenship through any member that is itself an LLC or other unincorporated entity. Phoenix

1

17329995v1

Operating failed to do so, and this Court lacks subject matter jurisdiction as a result. Accordingly, remand is required.

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction. "[T]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Ambiguities are construed against removal and in favor of remand. *Id.*

For purposes of diversity jurisdiction under 28 U.S.C. § 1332, a limited liability company is a citizen of every state in which its members are citizens. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). If an LLC member is another LLC, the citizenship of each of its members must also be traced and disclosed. *Id. at* 1080-1081; *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) ("We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of "all the members," "the several persons composing such association," "each of its members.") (internal citations omitted); *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) ("[T]o establish diversity jurisdiction, a party 'must specifically allege the citizenship of every member of every LLC.'"); *Knighten Mach. & Serv., Inc. v. Aqua Terra Permian, LLC*, No. SA-21-CV-00121-XR, 2021 WL 2930093, at *1 (W.D. Tex. Feb. 25, 2021) ("If the members or partners are themselves partnerships, LLCs, or corporations, their citizenship must be alleged in accordance with the rules of that entity, and the citizenship must be traced through however many layers of members or partners there may be.").[1]

---

[1] *See also Envtl. Indus. Services Group v. Republic Services, Inc.*, No. MO:22-CV-00043-DC-RCG, 2022 WL 3337803, at *3 (W.D. Tex. June 9, 2022), report and recommendation adopted, No. MO:22-CV-43-DC, 2022 WL 3337787 (W.D. Tex. July 8, 2022).

17329995v1

### III.    <u>ARGUMENT</u>

Plaintiff is a corporation formed in Nevada with its principal place of business in Midland, Texas, making it a citizen of Nevada and Texas for diversity jurisdiction purposes under 28 U.S.C. § 1332(c)(1). *See* Exhibit 1. Defendant Phoenix Operating is a limited liability company and alleges in its Notice of Removal that it is a citizen of Delaware and Colorado because it is organized in Delaware and its principal place of business is in Colorado.

> 6.    Defendant Phoenix Operating, LLC is a single-member, limited liability company organized in Delaware, with its principal place of business in Colorado. Its sole member, Phoenix Energy One, LLC, is a limited liability company formed in Delaware with its principal place of business in California. Accordingly, Phoenix can only be considered a citizen of Delaware, Colorado for purposes of diversity jurisdiction. Thus, complete diversity of citizenship exists between the parties.

Notice of Removal at ¶ 6. Phoenix Operating further alleges that diversity exists because its sole member, Phoenix Energy One, LLC, is an LLC organized in Delaware with its principal place of business in California. *Id.*

Because it is a limited liability company, Phoenix Operating's citizenship is not determined by its state of formation or the location of its principal place of business. *Harvey*, 542 F.3d at 1080. More importantly, diversity cannot be established because Phoenix Operating fails to identify the members of its sole member LLC, Phoenix Energy One, LLC, and to plead their respective citizenships.

Phoenix's allegations concerning citizenship are legally insufficient. The Fifth Circuit consistently holds that an LLC must disclose the citizenship of **all** of its members—and must do so through all tiers of membership—before it can invoke federal diversity jurisdiction. *See, e.g.*, *All About Prop., L.L.C. v. Midland Mortgage*, No. 24-20092, 2025 WL 1380066, at *3 (5th Cir.

May 13, 2025) (remanding to District Court to determine citizenship of members of an LLC); *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019); *see also Knighten Mach. & Serv., Inc. v. Aqua Terra Permian, LLC*, No. SA-21-CV-00121-XR, 2021 WL 2930093, at *1 (W.D. Tex. Feb. 25, 2021).

Because Phoenix Operating failed to plead the citizenship of all of its members, the Notice of Removal fails to establish complete diversity. This Court lacks subject matter jurisdiction. Remand is mandatory under 28 U.S.C. § 1447(c). Furthermore, because the jurisdictional defect was readily ascertainable at the time of removal, Phoenix Operating lacked an objectively reasonable basis for seeking removal and nonetheless proceeded without the required jurisdictional facts. Therefore, Plaintiff respectfully requests that the Court award just costs and actual expenses, including attorneys' fees, incurred as a result of the improper removal under 28 U.S.C. § 1447(c).

## IV. <u>CONCLUSION</u>

Plaintiff Oasis Transportation and Marketing Corporation respectfully requests that the Court (i) grant this Motion to Remand, (ii) remand this case to the 441st Judicial District Court of Midland County, Texas, (iii) award costs and expenses, including attorneys' fees, under 28 U.S.C. § 1447(c); and (iv) grant such other and further relief as the Court deems just.

Dated: July 24, 2025

Respectfully submitted,

By: */s/ M. Harris Stamey*

M. Harris Stamey
Texas Bar No. 24060650
**PORTER HEDGES LLP**
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6619
Facsimile: (713) 226-6219
hstamey@porterhedges.com

4

17329995v1

Mary Anna H. Rutledge*
State Bar No. 24096149
PORTER HEDGES LLP
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6658
Facsimile: (713) 226-6258
mrutledge@porterhedges.com

Lakshmi "Lex" Kumar*
State Bar No. 24144581
PORTER HEDGES LLP
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6737
Facsimile: (713) 226-6337
lkumar@porterhedges.com

***Attorneys for Plaintiff Oasis
Transportation and Marketing Corporation***

*\* Applications for Admission to WDTX
Forthcoming*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(g), and on behalf of Plaintiff Oasis Transportation and Marketing Corporation, I certify that I conferred with Justin Lipe, opposing counsel for the Defendant, on July 22, 2025, and confirmed that Defendant is opposed to the relief sought in this Motion to Remand.



*/s/ M. Harris Stamey*
M. Harris Stamey

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing document in accordance with the protocols for e-filing through the CM/ECF system in the United States District Court for the Western District of Texas, Midland-Odessa Division, on July 24, 2025, notice of which has been served upon all counsel of record in accordance with such e-filing protocols.

*/s/ M. Harris Stamey*
M. Harris Stamey

5

17329995v1